UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20459-CIV-HOEVELER/BROWN

ABDUL RASHID PATEL,

        Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General, United States Department of Justice;
JEFFREY SLOMAN, Acting U. S. Attorney, Southern District of Florida;
JANET A. NAPOLITANO, Secretary, Department of Homeland Security;
MICHAEL AYTES, Acting Director, U.S. Citizenship and Immigration Services;
GERARD HEINAUER, Director, Nebraska Service Center, United States
Citizenship & Immigration Services,

        Respondents.
_____/

## ORDER ON MOTION TO DISMISS

THIS CAUSE comes before the Court on Respondents' Motion to Dismiss or, in the alternative, for Summary Judgment. Petitioner filed a response in opposition.

## Background

Petitioner Abdul Rashid Patel filed this action seeking mandamus relief, pursuant to 28 U.S.C. § 1361, relating to his pending application for adjustment of status to permanent resident. Patel also seeks relief under the Administrative Procedures Act, 5 U.S.C. §§ 701, *et seq.* (APA).

Patel, a native of Pakistan, arrived in the United States on or about February 15, 1993, and sought political asylum. On January 11, 1999, Patel's application for asylum in the United States was approved. On May 12, 2000, Patel filed an application for

adjustment of status to permanent resident (Form I-485).[1]  On August 2, 2005, Patel's fingerprints were taken in relation to these proceedings.  Patel sent inquiries on June 5, 2007, February 6, 2008, August 8, 2008, and enlisted the assistance of elected representatives to inquire on his behalf throughout 2008, but to date he has been unsuccessful in demanding that his application be adjudicated within a certain time frame.  Petitioner alleges that Respondents[2] have unreasonably failed to act on his application and have caused him irreparable harm.  His Complaint seeks mandamus relief under 28 U.S.C. § 1361 compelling the Respondents to perform their duties and complete the processing of his application.

According to Respondents, at the time Petitioner filed his application for adjustment of status, the waiting period was approximately nine to ten years due to a growing backlog caused by a prior cap on the number of applications which could be approved each year.  Declaration of Gerard Heinauer, April 21, 2009, ¶ 4.  Subsequent to Petitioner's filing of his application, new legislation has rendered it difficult for Petitioner to demonstrate, as he must, that he is not inadmissible according to the provisions of 8 U.S.C. § 1182(a)(3)(B).  Specifically, Petitioner's asylum application revealed his active membership in and support for the Mohajir Quami Movement

---

[1] An alien who has been present in the United States for at least one year after being granted asylum may apply for adjustment of status to lawful permanent resident.

[2] Petitioner agrees that Respondent Holder should be dismissed from this case, as the delay in adjudication of Petitioner's application is not being caused by a Federal Bureau of Investigation background/name check.

2

(MQM) since 1986.  Heinauer, ¶ 9.[3]  Petitioner apparently has never formally renounced his affiliation with the MQM.  Petitioner's Opposition, at p. 7.  The MQM meets the definition of an "undesignated terrorist organization" under 8 U.S.C. §1182(a)(3)(B)(vi), rendering Petitioner inadmissible absent the exercise of discretion by the Secretary of Homeland Security to authorize an exemption as to supporters of MQM.  The discretionary authority of the Secretary has been expanded by the Consolidated Appropriations Act of 2008, but as of this time the Secretary has not extended exemptions, i.e., waivers of the inadmissibility provisions of 8 U.S.C. § 1182(a)(3)(B)(vi), to members and supporters of MQM.  According to Respondents, the Deputy Director of United States Citizenship and Immigration Services issued a memorandum instructing that adjudication be withheld as to cases that might benefit from future amendments to discretionary authority and, accordingly, adjudication of Petitioner's application has been placed on hold and remains pending in the event that he might benefit from any future extension of the Secretary's authority to grant exemptions to members and supporters of MQM.  Heinauer, ¶ 15.

## Analysis

Respondents' motion is brought under Fed. R. Civ. P. 12(b)(1), attacking this Court's jurisdiction, on a factual basis, by disputing Petitioner's allegation that there is a non-discretionary duty to adjudicate Petitioner's application within a certain time.  Respondents assert that adjustment is subject to the discretion of the Secretary of the

---

[3]Petitioner's Federal Bureau of Investigation name check results are not causing a delay in the adjudication.  Heinauer, ¶ 8.

Department of Homeland Security, and that no time frame for the adjudication has been specified by statute or regulation; thus, there is no claim for this Court to review. Further, Respondents rely on the prohibition found at 8 U.S.C. § 1252(g): "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to ... adjudicate cases ... against any alien under this Act."

Petitioner alleges that the Respondents have failed to make "diligent efforts" to adjudicate his application. Petitioner complains that his application has not yet been adjudicated, but it appears that the "hold" placed by the Secretary is an act within the Secretary's discretion, and that - interestingly - the result of this act provides Petitioner with a potentially positive result. If Petitioner's application were to be adjudicated at this time, it would be subject to denial because of Petitioner's acknowledged support of MQM. At present, Petitioner would not be admissible because of his ties to MQM, as MQM meets the definition of "terrorist organization" in 8 U.S.C. § 1182(a)(3)(B)(vi)(III):

> (vi) "Terrorist organization" defined. As used in this section, the term "terrorist organization" means an organization--
> (I) designated under section 219 [8 USCS § 1189];
> (II) otherwise designated, upon publication in the Federal Register, by the Secretary of State in consultation with or upon the request of the Attorney General or the Secretary of Homeland Security, as a terrorist organization, after finding that the organization engages in the activities described in subclauses (I) through (VI) of clause (iv); or
> (III) that is a group of two or more individuals, whether organized or not, which engages in, or has a subgroup which engages in, the activities described in subclauses (I) through (VI) of clause (iv).

Petitioner claims to prefer to receive an ultimate decision on his application, so that he can "renew his adjustment of status application in deportation proceedings before an Immigration Judge" – while this is an appealing resolution of this matter, the Court has

4

not found a basis for the exercise of jurisdiction and, thus, does not order this "relief."

Although there have been delays in their actions, Respondents are acting on Petitioner's application and, as such, this Court has no subject matter jurisdiction over the dispute. If the Respondents had claimed that they could take an infinite amount of time to process Petitioner's application, and never intend to finally adjudicate the application, then that would require this Court to address the question of mandamus relief; however, that is not the present case. As neither the Mandamus Act nor the APA create jurisdiction over this case, there is no need to address the jurisdictional bar of 8 U.S.C. § 1252(g). Even if jurisdiction existed, this Court would not order relief, as Petitioner has not demonstrated that the delays are unreasonable. Based upon the above, it is hereby

ORDERED AND ADJUDGED that the Respondents' Motion to Dismiss is GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida this 23rd day of March, 2010.

WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

cc: counsel of record